# B. V. D. COMPANY *v.* POTTERF.

---

TRADEMARK; OPPOSITION; REGISTRATION; RESEMBLANCE; CONFUSION; TRADEMARK USE; OBJECTION.

1. The trademark "B. V. D." is not so similar to "P. C. G." as to prevent, as tending to produce confusion in trade, the registration of the latter upon opposition by the owner of the former, who has not shown possible damage to himself from the registration.

2. One who has not shown that he will be damaged by the registration of a trademark cannot urge in opposition that the mark has not been in actual use by the applicant as a trademark for the goods claimed. (Citing *Hump Hairpin Co.* v. *De Long Hook & Eye Co.* 39 App. D. C. 484; *Battle Creek Sanitarium Co.* v. *Fuller*, 30 App. D. C. 411.)

No. 938. Patent Appeal. Submitted November 13, 1914. Decided January 4, 1915.

HEARING on an appeal from a decision of the Commissioner of Patents sustaining a motion for the dismissal of an opposition to the registration of a trademark.          *Affirmed.*

The COURT in the opinion stated the facts as follows:

On November 11, 1912, Orlystis M. Potterf filed application for the registration of a trademark of a device consisting of letters "P. C. G.," alleging that the same had been used as a trademark for combination garments, shirts, and drawers in commerce among the several states. The application having been allowed and published, the B. V. D. Company, appellant, filed an opposition to the registration. The opposer alleged that it was incorporated in 1908, and is now, and has been for several years past, engaged in the distribution and sale of articles of wearing apparel, among which are shirts, drawers, and union suits; that it has continuously since its organization ap-

plied to all articles marketed by it a certain arbitrary, distinctive, and distinguishing trademark, to wit, the letters "B. V. D.," and has continuously throughout the years of its existence caused the said mark to be placed upon every article of merchandise sold by it; that it has expended large sums of money in popularizing said wearing apparel, and to make known the same as B. V. D. goods; that said company is the sole and exclusive owner of the said trademark for wearing apparel; that said trademark B. V. D. was registered in the United States Patent Office February 27, 1906.

With respect to the applicant the opposer is informed and believes, and therefore avers, that the applicant is not a manufacturer of garments or of the particular garments mentioned in his application; that the said applicant, not being a manufacturer, does not employ any trademark, and is not the owner of any trademark, and does not affix any trademark, and particularly not the trademark shown in the application, to any garments of his manufacture, and is therefore not entitled to registration; that applicant on the 18th day of October, 1910, obtained United States letters patent for a certain combination garment, and said applicant is engaged in licensing others to make and sell such of these said patented garments, and that it is such licensees, and not the applicant, who make the specific garments set out in the particular description mentioned in applicant's application; that such licensed manufacturers have their own trademarks, which in nowise conflict with the opposer's trademark, but are obligated by their license contract with the applicant to mark the garments with the letters P. C. G., and that the designation P. C. G. is therefore in no way a trademark either of the licensed manufacturers or of the patentee, inasmuch as said letters do not designate or identify the origin or ownership of the goods; and the opposer charges that the said letters P. C. G. were selected simply because the B. V. D. trademark had achieved such enormous popularity, and because he was desirous of imitating the B. V. D. trademark. That such letters P. C. G. are not essential or necessary, but innumerable fair, nonimitative trademarks were open to the applicant, to be

employed to designate the patented garments made by the licensee.

The opposer further showed that the specimens filed with the application of the applicant are specimens of labels used not by the applicant, but by the Klaas Shirt Company, and that applicant's oath to the effect that no other person, firm, or corporation has the right to use the said trademark is a false oath, and renders the entire application void.

The opposer further says that garments marked P. C. G. give unscrupulous retailers opportunity and occasion to palm off merchandise so marked as and for the genuine B. V. D. product, and that unscrupulous retailers throughout the United States frequently assert with respect to competitive practice that they are made by the same people who make B. V. D. goods, and that such retailers dealing in P. C. G. garments will thus be enabled to make such statements more plausibly by saying that these garments are B. V. D. goods bearing their "perfect combination garments" label. That P. C. G., not being applicant's trademark, is a mere trick and device and part of an unlawful scheme of unfair competition; that the said letters do not indicate origin or ownership, but obscure the origin so as to make garments marked therewith capable of substitution for the genuine B. V. D. goods.

That the opposer will be greatly damaged if the Government should give its sanction to the registration of trademarks like the one herewith opposed; that such registration will give the applicant an apparent prima facie right to the sole and exclusive use of the said alleged trademark; that such a registration would be interpreted in the trade as governmental authority for the applicant and its customers and retailers to continue the practice in which they are engaged; that the registration of the trademark will give the applicant the prima facie right to the sole and exclusive use of the alleged trademark, and if registered would give the applicant an apparent or prima facie title to market underwear unnecessarily with three nonrelated capital letters, a mere equivalent of the opposer's mark under color of right; that such apparent right would enable applicant to palm

off upon the public through his customers the applicant's underwear as and for the genuine underwear of the opposer.

Motion to dismiss the opposition was made on the following grounds:

(1) That the trademark sought to be registered, namely, P. C. G., does not so closely resemble the trademark of the opposer—B. V. D.—as to cause confusion in the mind of the public or to deceive purchasers.

(2) That said notice of opposition fails to set up any facts which tend to controvert the right of applicant to secure registration of the trademark sought to be registered, or any facts of which this tribunal is required to take cognizance, or which require any answer or defense thereto.

This motion was sustained by the Examiner of Interferences, who held that there was no resemblance between the two trademarks.

On appeal to the Commissioner the decision of the Examiner of Interferences was sustained, the Commissioner saying that the "opposer contends that no one has the right to use three detached capital letters on this class of goods. This contention cannot be sustained. It is well known that detached capital letters are used as trademarks for many classes of goods. The only question to be considered, therefore, is whether the mark used by the applicant so nearly resembles that used by the opposer as to be likely to cause confusion in the trade and deceive purchasers. In my opinion it does not. . . . Opposer, however, having used neither the mark sought to be registered by the applicant, nor one so similar thereto as to be likely to cause confusion in the minds of the public, has no standing in this opposition, and therefore no right to urge other grounds for the refusal of the registration."

The B. V. D. Company have appealed from that decision.

*Mr. Hans V. Briesen* for the appellant.

*Mr. Eugene C. Browne* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The Commissioner was clearly right. There is no such similarity between the trademark of the applicant and that of the opposer which is likely to produce any confusion in the trade. The opposer has not shown that he would sustain any possible damage by the registration of the trademark.

The second ground that is urged in the opposition, to the effect that the P. C. G. trademark has not been in actual use by the applicant, cannot be entertained. *Hump Hairpin Co.* v. *DeLong Hook & Eye Co.* 39 App. D. C. 484, 490. In that case the same question was presented. It was said.

"The opponent also challenges the sufficiency of the evidence of the Hump Hairpin Company to show its actual use of the mark as a trademark for hairpins in commerce among the states, or with foreign nations. This is a question which the opponent cannot raise, having shown no interest that is not common to the general public. The Commissioner of Patents represents the public interest in trademark applications, as he does in applications for patents. If satisfied with the showing made by an applicant, he passes it for publication, and no opposition can be entertained thereto save by one who can show an interest in the subject-matter entitling him to claim that he would be damaged by the registration of the trademark by another person. *Battle Creek Sanitarium Co.* v. *Fuller,* 30 App. D. C. 411, 416."

The decision is affirmed, and the clerk will certify this decision to the Commissioner, as required by law.

*Affirmed.*